## Katie McGeever, Appellant, v. Joe Moran and Louis A. Cool, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. William E. Hadley, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by Katie McGeever against Joe Moran and Louis A. Cool under section 9 of the Dram Shop Act, (J. & A. ¶ 4609) to recover damages for an alleged injury to her person, property and means of support occasioned by defendants selling or giving her husband intoxicating liquors. From a judgment for defendants, plaintiff appeals.

J. B. Harris and Whitnel, Browning & Gillespie, for appellant.

M. R. Sullivan and Geers & Geers, for appellee, Louis A. Cool.

Mr. Justice Thompson delivered the opinion of the court.

### Abstract of the Decision.

1. Intoxicating liquors, § 225*—*when right to recover for intoxication of husband.* In an action by a wife under the Dram-shop Act, § 9, J. & A. ¶ 4609, for injury to her person and means of support occasioned by two saloon keepers selling her husband intoxicating liquors, the evidence showed that the husband lost his position by being habitually drunk, failed to support her, struck her when drunk and constantly bought liquors at defendant's saloon after notice not to sell him. One defendant did not dispute the facts and the other offered evidence that the wife quarreled with her husband and that no sales were made after

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

notice to desist. *Held*, a verdict for defendants was against the manifest weight of the evidence.

2. INTOXICATING LIQUORS, § 249*—*when instruction limiting recovery to injury to means of support is misleading.* Where a declaration charges and the Dramshop Act, § 9, J. & A. ¶ 4609, authorizes recovery for injuries to the person or property of a wife from the intoxication of her husband, and there is evidence of acts of personal violence by the husband against his wife, an instruction practically limiting a right of recovery to injury to the means of support is misleading.